UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD JONES,<br>    Petitioner,<br><br>    v.<br><br>SUPERINTENDENT DONALD<br>VAUGHN, THE ATTORNEY GENERAL<br>OF THE STATE OF PENNSYLVANIA<br>MICHAEL FISHER, and LYNNE<br>ABRAHAM,<br>    Respondents. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:    No. 2:99-cv-04718 |

**O P I N I O N**
Motion to Alter or Amend Judgment, ECF No. 25 -- Dismissed

**Joseph F. Leeson, Jr.**                                                                                   **January 14, 2022**
**United States District Judge**

## I. INTRODUCTION

In June of 1980, Petitioner Gerald Jones was convicted in the Court of Common Pleas of Philadelphia County of three counts of murder, two counts of arson, causing and risking a catastrophe, and criminal conspiracy. On September 22, 1999 Jones filed a federal habeas petition challenging his conviction. That petition was dismissed on April 10, 2000.

Jones now files a Motion to Alter or Amend Judgment. Essentially, Jones asks this Court to reconsider the dismissal of his 1999 habeas petition. Following a review of the motion and response, the Court concludes that the present motion, filed nearly twenty-one years after the Order dismissing Jones' petition, is untimely. Accordingly, Jones' motion is dismissed.

**II.     BACKGROUND**[1]

Jones and other members of a gang were indicted for the firebombing of a residence that purportedly housed a rival gang member. *See* Mot. 3, ECF No. 25.[2] The resulting fire killed two children and one adult. *See id.* In or about June of 1980, following a jury trial in the Philadelphia Court of Common Pleas, Jones was found guilty of three counts of murder, two counts of arson, causing and risking a catastrophe, and criminal conspiracy. *See id.* Jones was sentenced to life imprisonment. *See id.* Jones' direct appellate efforts were unsuccessful, and his judgment of sentence was affirmed. *See id.* (citing *Commonwealth v. Jones*, 518 A.2d 282 (Pa. Super. Ct. 1986)).

In January of 1988, Jones filed his first pro se petition under the Pennsylvania Post Conviction Hearing Act (PCHA).[3] *See* Resp. 2; Mot. 3. The petition was ultimately denied in July of 1992, and that denial was affirmed by the Superior Court. *See* Resp. 2-3. In November of 1996, Jones filed a second pro se petition, this time under the newly-enacted Pennsylvania Post Conviction Relief Act (PCRA). *See* Mot. 3-4. In May of 1997, the second petition was dismissed as untimely, and this ruling was affirmed by the Superior Court. *See id.* at 4.

In September of 1999, Jones filed a petition for writ of habeas corpus in this District, raising two claims: (1) that his due process rights were violated by his conviction, and (2) that trial counsel was ineffective for failing to object to a jury charge on accomplice liability. *See* Resp. 3. The petition was ultimately dismissed as untimely, and the Third Circuit denied Jones' request for a certificate of appealability. *See id.*

---

[1] The background is taken from a combination of both the present motion for reconsideration and Respondents' response thereto.
[2] This Court uses the pagination supplied by ECF in citations to the present motion.
[3] The PCHA, 42 Pa. Cons. Stat. §§ 9541-9551, was superseded by the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. §§ 9541-9546.

Thereafter, Jones filed seven more pro se petitions for PCRA relief. *See* Mot. 5; Resp. 3. Six of the petitions were dismissed and denied as untimely, and the seventh petition remains pending in state court. *See* Resp. 4.

On March 19, 2021, Jones filed the present motion for reconsideration under Rule 60(b). *See generally* Mot. Therein, Jones seeks to alter or amend the Court's ruling on his 1999 habeas petition. *See id.* at 2. Primarily, Jones wishes to have his 1999 habeas petition reviewed on the merits. *See id.* at 8-9. Jones filed a supplement to his motion, which included additional case law. *See* Supp., ECF No. 30. Respondents filed a response to the present motion, arguing that the motion is untimely. *See generally* Resp.

## III. LEGAL STANDARDS

### A. Motion for Reconsideration – Review of Applicable Law

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). A "movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535. The

movant bears a heavy burden of proof that extraordinary circumstances are present. *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991); *United States v. Rota*, No. 94-0003-1, 1999 U.S. Dist. LEXIS 562, *5 (E.D. Pa. 1999).

A Motion filed under Rule 60(b) "must be made within a reasonable time . . . ." *See* FED. R. CIV. P. 60(c)(1); *see also Moolenaar v. Government of Virgin Islands*, 822 F.2d 1342, 1348 (3d Cir. 1987) (concluding 60(b)(6) motion filed two years after original trial "was not brought within a reasonable time"); *Walker v. Dauphin Cnty. Prison*, No. 3:06-CV-01224, 2021 WL 6337514, at *1 (M.D. Pa. Feb. 24, 2021) (finding 60(b)(6) motion that was based on case law available to petitioner in 2017 was "patently untimely" when filed in 2020, absent extraordinary circumstances).

## IV.   DISCUSSION

Jones argues that this Court should review his 1999 habeas petition on the merits. In particular, he argues that the Third Circuit's decision in *Satterfield v. District Attorney of Philadelphia County*, 872 F.3d 152 (3d Cir. 2017) and the Supreme Court's decision in *McQuiggin v. Perkins*, 569 U.S. 383 (2013) require reopening of his petition.[4]

Notwithstanding, in order to avail oneself of the review available under Rule 60(b), a petitioner must file his or her motion within a "reasonable time." *See* FED. R. CIV. P. 60(c)(1). Here, no matter the starting point chosen, Jones' motion was not filed within a reasonable time. The present motion was filed just shy of twenty-one years after entry of the Order that Jones

---

[4] In *McQuiggin*, the Supreme Court, held that the "actual innocence" exception to the statute of limitations was applicable to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See McQuiggin*, 569 U.S. at 386. In *Satterfield*, the Third Circuit concluded that *McQuiggin* was a "change in relevant decisional law." *See Satterfield*, 872 F.3d at 159. Accordingly, following *McQuiggin* and *Satterfield*, a petitioner may overcome a time-barred habeas petition by making a sufficient showing of actual innocence.

wishes this Court to reconsider. Judge William H. Yohn, Jr. dismissed Jones' petition on April 10, 2000. *See* ECF No. 17. Jones filed the instant motion for reconsideration of that dismissal Order on March 19, 2021. *See* Mot. Accordingly, to the extent the appropriate starting point is the Order to be reconsidered, Jones' motion is significantly untimely.

Even if this Court were to consider the Third Circuit's *Satterfield* decision as the appropriate starting point, the motion is still untimely. The Third Circuit decided *Satterfield* on September 26, 2017. *See Satterfield*, 872 F.3d at 152. Jones' motion, filed on March 19, 2021, comes three and a half years later. *See* Mot.; *see also Moolenaar*, 822 F.2d at 1348 (concluding 60(b)(6) motion filed two years after original trial "was not brought within a reasonable time"); *Walker*, 2021 WL 6337514, at *1 (finding 60(b) motion based on *Satterfield* decision was available to petitioner in 2017 and "patently untimely" when filed in 2020, absent extraordinary circumstances). Here, as was the case in *Walker*, Jones provides no explanation, let alone extraordinary circumstances, to justify the delay in his filing of the present motion. *See Walker*, 2021 WL 6337514, at *1. Accordingly, even when based on the Third Circuit's decision in *Satterfield*, Jones' motion is still untimely.

Finally, in his supplement, Jones points to the Third Circuit's decision in *Bracey v. Superintendent Rockview SCI*, 986 F.3d 274 (3d Cir. 2021), asserting that this decision represents a change in decisional law that warrants reopening of his 1999 habeas petition. Construing the filing liberally, Jones argues that the present 60(b) motion was filed shortly after the Third Circuit's decision in *Bracey*, bringing the motion within the ambit of timeliness. However, this argument is unavailing. As Jones himself notes, *Bracey* specifically involved the timeliness of claims brought under *Brady v. Maryland*, 373 U.S. 83 (1963). *See Bracey*, 986 F.3d at 278. Jones' 1999 habeas petition—which he seeks to have reopened in the present

motion—did not raise any *Brady* claims. Accordingly, the Third Circuit's decision in *Bracey* is not applicable, and it cannot serve as the basis for finding the current motion timely.

## V.     CONCLUSION

Regardless of the starting point used, Jones' motion under 60(b) was not filed within a reasonable time. Moreover, the Third Circuit's decision in *Bracey* is inapplicable to Jones' 1999 habeas petition. For those reasons, Jones' motion is dismissed.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge
